Elizabeth K. Green, Esq. SBN 199634
e-mail: egreen@greenhealthlaw.com
GREEN HEALTH LAW, APC
201 N. Brand Blvd., Suite 200
Glendale, CA 91203
Telephone: (818) 722-1164

Attorneys for Plaintiff,
Aidan Apel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDAN APEL,<br><br>    Plaintiff,<br><br>    v.<br><br>BAIN AND COMPANY, INC. HEALTH AND WELFARE PLAN,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, AIDAN APEL, herein sets forth the allegations of his Complaint against Defendant, BAIN AND COMPANY, INC. HEALTH AND WELFARE PLAN.

### PRELIMINARY ALLEGATIONS

1.  Jurisdiction - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff Aidan Apel was at all times relevant a resident of Los Angeles County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff was at all relevant times a covered participant under an employee group health benefit plan ("Plan"), the Defendant Bain and Company, Inc. Health and Welfare Plan, pursuant to which he was and is entitled to health benefits.

4. Plaintiff is informed and believes that the Defendant Bain and Company, Inc. Health and Welfare Plan is self-funded by the Plan Sponsor.

5. Plaintiff is informed and believes that Blue Cross Blue Shield of Massachusetts ("Blue Cross") administered health benefits under the Plan and acted on behalf of the Defendant.

6. Defendant has its principal place of business in Massachusetts, is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

7. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

### Fertility Benefits Under the Plan

8. The Plan provides fertility benefits for members.

9. The Plan includes a Fertility Treatments Rider ("Rider") which modifies the terms of the health plan.

10. The Rider provides benefits for eligible members without documented infertility for the following procedures and services:

- Assisted embryo hatching
- Intracytoplasmic Sperm Injection (ICSI)
- Donor egg and/or embryo cycle
- Donor sperm

<u>Blue Cross's Refusal to Consider a Pre-Authorization Request for Fertility Benefits</u>

11. On March 11, 2024, Plaintiff's provider faxed a request for pre-authorization of benefits for intracytoplasmic sperm injection ("ICSI") to Blue Cross.

12. ICSI is a laboratory procedure in which live sperm are injected directly into an egg to facilitate fertilization.[1]

13. ICSI is performed in vitro, prior to the existence of any pregnancy. It is part of the fertilization process and occurs regardless of an embryo transfer or any potential resulting pregnancy, whether through surrogacy or otherwise. It is therefore properly understood as a pre-pregnancy laboratory procedure, not a pregnancy related cost.

14. Following receipt of the pre-authorization request, Blue Cross telephoned Plaintiff and informed him that he is not covered for fertility services because the services are only "intended" for female sex members.

15. On March 26, 2024, Blue Cross faxed Plaintiff's provider a one page form stating that it received the pre-authorization request and it is either missing information or cannot be processed.

16. In the "Comments" section of the form, Blue Cross wrote: "We cannot review these services for the member as Bain does not have the rider benefit that would apply for male couples to have ICSI reviewed."

---

[1] https://my.clevelandclinic.org/health/treatments/22463-intracytoplasmic-sperm-injection

17. Blue Cross then voided the pre-authorization request.

## Blue Cross's Denial

18. Following inquiries from Plaintiff regarding the pre-authorization request, Blue Cross issued a denial letter.

19. In a letter dated July 30, 2024, Blue Cross denied the request, claiming that there are no benefits for costs associated with achieving pregnancy through surrogacy.

20. Blue Cross did not cite or quote plan language to support its decision.

## Plaintiff's Appeal

21. In a letter dated September 26, 2024, Plaintiff appealed the denial. Plaintiff wrote that the Plan's Rider provides coverage for assisted embryo creation services and ICSI and Plaintiff quoted the provision in the Plan's Rider.

22. Plaintiff wrote that the Plan Rider does not limit coverage for assisted embryo creation services and ICSI to female members but rather is available to all eligible members.

23. Plaintiff wrote that eligible members under the Plan includes both biological male and female members.

## Blue Cross's Appeal Denial

24. In a letter dated October 25, 2024, Blue Cross denied the appeal, claiming that the Plan specifically excludes costs associated with achieving pregnancy through surrogacy.

25. Blue Cross did not respond to Plaintiff's reference to the Plan's Rider which provides benefits for assisted embryo creation services and ICSI regardless of the sex of the eligible member.

## Plaintiff's External Review Request

26. In a letter dated February 12, 2025, Plaintiff requested an external review pursuant to the Plan.

<u>External Review Rejected</u>

27. In a letter dated February 24, 2025, MCMC Federal ERO Review Team wrote that the appeal request does not involve medical judgment and was an ineligible appeal.

28. Plaintiff seeks approval of coverage and payment of benefits for embryo creation services and ICSI.

29. Defendant wrongly denied coverage for embryo creation services and ICSI in the following respects, among others:

(a) Failure to authorize and pay for health benefits as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the requested health benefits;

(c) After the benefit request was denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect his request along with an explanation of why such material is or was necessary; and

(d) Failure to properly investigate the merits of the request and appeal submission.

30. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied health benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

31. Following the denial of the request for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations on his part to be performed.

32. As a proximate result of the denial of benefits, Plaintiff has been damaged by the cost of embryo creation services and ICSI in the amount of $28,991.

33. As a further direct and proximate result of this improper determination regarding the request for coverage, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

34. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

Plaintiff requests judgment against Defendant as follows:

1. Approval of coverage and payment of benefits for assisted embryo creation services and ICSI.

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of any applicable prejudgment and post judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 17, 2025                    GREEN HEALTH LAW, APC


                                        By: /s/ *Elizabeth K. Green*
                                            Elizabeth K. Green
                                            Attorneys for Plaintiff
                                            Aidan Apel